**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LOPE ANTONIO LOPEZ-ORTEGA,

    Petitioner,

v.                                            Case No: 8:15-cv-1845-T-30AEP
                                              Crim. No: 8:08-cr-24-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

    THIS CAUSE comes before the Court upon the United States' Motion for an Order Requiring Former Defense Counsel to Disclose Substance of Communications and to Provide Affidavits (CV Doc. 6) and the United States' Motion for an Extension of Time (CV Doc. 7).

    Petitioner Lope Antonio Lopez-Ortega filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 alleging two claims of ineffective assistance of counsel, including that counsel was ineffective for failing to file a direct appeal as he requested. (CV Doc. 1). The Court issued an order to show cause, directing Petitioner to address the timeliness of his petition because it appeared on its face to be time-barred. (CV Doc. 3). Petitioner filed a response asserting that his petition was timely because he did not learn of counsel's failure to file a notice of appeal until years after the fact and because

the prison law library where he was incarcerated was inadequate and did not provide information on § 2255. (CV Doc. 4). The Court requested a response from the government addressing both the timeliness of the petition and its merits. (CV Doc. 5). The government currently requests an order requiring Petitioner's former counsel to disclose the substance of their communications with Petitioner related to the issues raised in his § 2255 motion and an extension of time to file a response. (CV Docs. 6, 7).

Upon closer inspection of the record, however, the Court concludes that Petitioner's claim of ineffective assistance of counsel alleging that counsel was ineffective for failing to file an appeal (Ground 1) should be dismissed. When Petitioner was sentenced on February 4, 2010, the Court provided Petitioner with a form titled, "Declaration of Intent to Appeal." (CR Doc. 125 at 11). The Court informed Petitioner:

> To the extent permitted by your plea agreement, you have the right to appeal from the judgment and sentence within 14 days from this date. Failure to appeal within the 14-day period shall be a waiver of your right to appeal.
>
> You should have in front of you a form entitled "Declaration of Intent to Appeal." That form states whether you do or do not wish to file an appeal. I direct you to complete the form, mail it into the Clerk's Office at the end of the 14-day appeal period. If you do not return the form, I will accept that as an acknowledgment that you do not wish to file an appeal and that that was an informed and voluntary choice on your part.

(CR Doc. 125 at 11-12). Petitioner did not return that form to the Court as instructed.

As explained to Petitioner at sentencing, the Court accepts Petitioner's failure to file the form as an acknowledgment that he did not want to file an appeal. The precise purpose of requiring Petitioner to complete the form and the explanation provided to Petitioner at

2

sentencing is to create a record demonstrating a petitioner's intent to appeal so as to avoid the very argument Petitioner raises.

Because the Court accepts Petitioner's failure to file the form as directed as an acknowledgment that Petitioner did not want to appeal, the record directly refutes Petitioner's assertion raised in Ground 1 of the petition. Petitioner will not now be heard to claim to the contrary.

As to Ground 2, Petitioner argues that counsel was ineffective for failing to argue the holding of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). The government should proceed with addressing the timeliness as to Ground 2 and the merits, if necessary. In addressing the timeliness of Ground 2, the government should consider whether Petitioner's allegations sufficiently demonstrate an unconstitutional impediment under § 2255(f)(2) and whether the prison law library at Petitioner's place of confinement possessed materials pertinent to § 2255. *See Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001); *Moore v. Battaglia*, 476 F.3d 504, 507-08 (7th Cir. 2007).

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Ground 1 of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

2. The United States' Motion for an Order Requiring Former Defense Counsel to Disclose Substance of Communications and to Provide Affidavits (Doc. 6) is DENIED as moot.

3. The United States' Motion for an Extension of Time (Doc. 7) is GRANTED.

4.   The government's response to the timeliness and merits of Ground 2 of the petition is due on or before April 25, 2016.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of February, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record