**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:08-cr-24-T-30AEP
Civ. Case 8:15-cv-1845-T-30AEP

LOPE ANTONIO LOPEZ-ORTEGA

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(d)(3) (Doc. 158). Construing the motion as a second or successive section 2255 motion, the Court concludes the motion must be dismissed because the Court lacks jurisdiction to consider it.

Defendant pled guilty in 2010 to conspiracy to distribute cocaine while onboard a vessel subject to United States' jurisdiction. (Doc. 116). More than five years later, Defendant filed a section 2255 motion arguing ineffective assistance of counsel (CV Docs. 1 and 21). The Court dismissed the petition (CV Docs. 8, 17, and 24), concluding that counsel was not ineffective and that Defendant's claims were time-barred under section 2255(f). Defendant then filed the instant motion arguing there was a fraud on the Court.

Courts have authority to construe a Rule 60 motion as a second or successive section 2255 motion if it seeks to add a new ground for relief from judgment. *Galatolo v. United States*, 394 F. App'x 670, 671–72 (11th Cir. 2010) (citing *Williams v. Chatman,* 510 F.3d 1290, 1293-95 (11th Cir.2007)). Unless a defendant receives an order from the appropriate circuit court authorizing the district court to consider a second or successive section 2255

motion, the district court lacks subject-matter jurisdiction to do so. *Id.* at 671 (citing *Williams*, 510 F.3d at 1295); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

Here, Defendant's motion raises a new ground relief from judgment: specifically, Defendant argues there was a fraud on the Court because there were lies in the indictment. Because the motion raises a new ground, the Court construes it as a second or successive section 2255 motion. And because Defendant did not receive an order from the Eleventh Circuit, this Court lacks jurisdiction to consider the motion.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Relief from Judgment (Doc. 158) is DISMISSED without prejudice.

2. The Clerk is directed terminate Doc. 26 in Defendant's civil case.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of December, 2016.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record